**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VARISCITE NY FOUR, LLC AND VARISCITE
NY FIVE, LLC,

                Plaintiffs,

         v.

NEW YORK STATE CANNABIS CONTROL
BOARD, *et al.*,

                Defendants.

1:23-cv-01599 (AMN/PJE)

---

**APPEARANCES:**

**OF COUNSEL:**

**JEFFREY M. JENSEN, PC**
9903 Santa Monica Boulevard – Suite 890
Beverly Hills, California 90212

**JEFFREY M. JENSEN, ESQ.**

**HACKER MURPHY LLP**
28 Second Street
Troy, New York 12180
*Attorneys for Plaintiffs*

**THOMAS J. HIGGS, ESQ.**

**HON. LETITIA JAMES**
New York State Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**RYAN W. HICKEY, ESQ.**
**BENJAMIN L. LOEFKE, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

On December 18, 2023, Plaintiffs Variscite NY Four, LLC and Variscite NY Five, LLC

("Plaintiffs") commenced this action against Defendants New York State Cannabis Control Board,

New York State Office of Cannabis Management, Tremaine Wright, and Chris Alexander

(collectively "Defendants")[1] pursuant to 42 U.S.C. § 1983, alleging that New York's Adult Use

Application Program (the "Adult Use Application Program"), which accepted applications for

adult use retail dispensary cannabis licenses ("Adult Use Licenses") from October 4, 2023 through

December 18, 2023, violates the dormant Commerce Clause. Dkt. No. 1 (the "Complaint").

On December 28, 2023, Plaintiffs moved for a temporary restraining order and a

preliminary injunction seeking to enjoin Defendants from issuing Adult Use Licenses to November

or December pool applicants or issuing any additional licenses under the Conditional Adult-Use

Retail Dispensary ("CAURD") Application Program.[2] *See* Dkt. Nos. 10-14. After a hearing, this

Court denied Plaintiffs' motion on February 2, 2024, holding that New York's marihuana licensing

laws did not violate the dormant Commerce Clause on the ground that the dormant Commerce

Clause does not apply to the market at issue, given that marihuana remains federally illegal. *See*

Dkt. No. 36. On February 11, 2024, Plaintiffs timely appealed. *See* Dkt. No. 38.

On August 12, 2025, the Second Circuit vacated this Court's decision denying Plaintiffs'

motion for preliminary relief and remanded the case for further proceedings consistent with its

opinion. *See* Dkt. No. 53 at 46.[3] Specifically, the Circuit held that the dormant Commerce Clause

applies to New York's marihuana licensing laws and further held that "[u]nder traditional dormant

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Jessica C. Garcia and Susan Filburn are automatically substituted as Defendants in place of Tremaine Wright and Chris Alexander, who were sued solely in their official capacities. *See* Dkt. No. 65 at 3 nn.1-2.

[2] As background, the Adult Use Application Program split the Adult Use applicants into two pools, a November pool for applicants who could demonstrate proof of control over a location for their dispensary ("November Pool"), and a December pool for all other applications ("December Pool"), with a separate number of licenses available to applicants in each pool. *See* Dkt. No. 53 at 9-10. To determine the order of review, New York randomly assigned applicants positions on the November or December review queue (respectively, the "November Queue" and the "December Queue"). *Id.* at 10.

[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Commerce Clause principles, New York's prioritization of applicants with convictions under New York law is a protectionist measure that cannot stand." *Id.* at 6. Accordingly, the Circuit held that Plaintiffs have standing to challenge certain of New York's licensing practices under the dormant Commerce Clause, and that their suit is ripe. *Id.* at 2. With respect to standing, the Circuit held that Plaintiffs have standing to challenge the issuance of (i) the December Pool licenses, based on the purported unlawful ordering within the December Queue, and (ii) the November Pool licenses, to the extent that an unlawful preference is accorded to the entire November Pool. *See id.* at 26. However, the Circuit held that Plaintiffs lack standing to challenge the internal ordering of the November Queue. *See id.* at 20-21, 26.[4]

Prior to the determination of the motion for preliminary relief and the subsequent appeal, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 30 ("Motion"). In their Motion, Defendants contend that the Complaint must be dismissed because Plaintiffs lack standing and the Complaint fails to state a claim for relief because the dormant Commerce Clause does not apply to New York's marihuana licensing requirements. *See* Dkt. No. 30-1 at 34. Plaintiffs opposed the Motion, *see* Dkt. No. 42, and Defendants replied in further support. Dkt. No. 49. Accordingly, the Motion is ripe for adjudication.

"A district court must follow the mandate issued by an appellate court." *Havlish v. 650 Fifth Ave. Co.*, 934 F.3d 174, 181 (2d Cir. 2019) (quoting *Puricelli v. Republic of Argentina*, 797 F.3d 213, 218 (2d Cir. 2015)). In the absence of an "intervening ruling of a higher court, . . . when

---

[4] With respect to CAURD licenses, the Circuit held that Plaintiffs do not have standing to challenge the issuance of such licenses because Plaintiffs cannot allege that they were ready and able to apply to the CAURD program prior to the closure of the CAURD application window in September 2022, and further because Plaintiffs have not demonstrated that they are affected by the issuance of CAURD licenses. *See* Dkt. No. 53 at 15-17.

a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 367 n.6 (2d Cir. 2024) (citation omitted). A court must "consider both the express terms and broader spirit of the mandate to ensure that its terms have been scrupulously and fully carried out." *Puricelli*, 797 F.3d at 218 (internal quotation marks and citation omitted).

Pursuant to the mandate, which determined the legal issues raised in the Motion, the Court denies Defendants' Motion.

Accordingly, the Court hereby

**ORDERS** that Defendants' motion to dismiss, Dkt. No. 30, is **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 25, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge