**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VARISCITE NY FOUR, LLC; VARISCITE NY
FIVE, LLC,

                                      Plaintiffs,

       v.

NEW YORK STATE CANNABIS CONTROL
BOARD; NEW YORK STATE OFFICE OF
CANNABIS MANAGEMENT; TREMAINE
WRIGHT; CHRIS ALEXANDER;

                                   Defendants.

No. 1:23-CV-01599
(AMN/PJE)

---

APPEARANCES:

Jeffrey M. Jensen
9903 Santa Monica Blvd., Ste. 890
Beverly Hills, California 90212
Attorney for plaintiffs

Hacker Murphy LLP
28 Second Street
Troy, New York 12180
Attorneys for plaintiffs

New York State Attorney General
The Capitol
Albany, New York 12224
Attorney for defendants

OF COUNSEL:

JEFFREY M. JENSEN, ESQ.

THOMAS J. HIGGS, ESQ.

BENJAMIN L. LOEFKE, ESQ.
RYAN W. HICKEY, ESQ.
ALEXANDER POWHIDA, ESQ.
WILLIAM A. SCOTT, ESQ.

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

## ORDER & REPORT-RECOMMENDATION

### I. Introduction

Plaintiffs Variscite NY Four, LLC and Variscite NY Five, LLC (collectively,

"plaintiffs" or "Variscite[,]" where appropriate) filed a letter motion on January 7, 2026,

pursuant to New York Rule of Professional Conduct 1.12(d), seeking disqualification of defense counsel Bejamin L. Loefke, Esq. and the Office of the New York State Attorney General ("OAG") and "instructing the New York State Attorney General's office to not share with substitute counsel any work product created after the date of Mr. Loefke's hiring. *See* Dkt. No. 63. Alternatively, should the Court deny the disqualification request, plaintiffs seek this Court to certify, for immediate appeal, "the question" to the Second Circuit pursuant to 28 U.S.C. § 1292(b). The facts and procedural history underlying this case are presumed and will not be repeated here other than as necessary.

## II. Arguments

Plaintiffs argue that defense counsel Mr. Loefke, and the entire OAG, must be disqualified from representing defendants due to a conflict of interest – Mr. Loefke's service as a law clerk for Judge Sharpe during the entire time he presided over *Variscite One*.[1] *See* Dkt. No. 63. Plaintiffs argue that *Variscite One* and *Variscite Four*,[2] the instant case, "involve the same defendants" because, in both cases, plaintiffs sued the New York State Office of Cannabis Management and its executive officer, and in both cases, the real defendant in interest is the State of New York." Dkt. No. 63 at 2. Further, they argue that plaintiffs' counsel, Mr. Jensen, "owned[3] between 49% and 44% of plaintiff Variscite One during all times of the lawsuit" and owns "49% of each of plaintiff Variscite NY Four and plaintiff Variscite NY Five." *Id.* at 3. He argues that

---

[1] Mr. Jensen provides that he discovered Mr. Loefke's former role as Judge Sharpe's law clerk through Google. *See* Dkt. No. 63.

[2] Before being assigned to District Judge Anne Nardacci, this case was assigned to Senior District Judge Hurd. *See* Dkt. No. 19. Variscite Four was never assigned to Judge Sharpe.

[3] Mr. Jensen indicates that he "sold his shares of Variscite One after the Variscite One litigation and has no current interest in the company." Dkt. No. 63 at 3 n.1.

defendants have positioned Mr. Jensen as the "true party of interest" in *Variscite One* and indicates that submissions in both cases "refer[] many times" to Mr. Jensen "in both cases by both sides and the courts." *Id.* at 3.

Plaintiffs argue that *Variscite One* "raised the question identical to the one in this case: whether New York's cannabis license application program violates the dormant Commerce Clause." Dkt. No. 63 at 1. Plaintiffs provide that the "Second Circuit relied on Variscite One in deciding the Variscite Four appeal" and, during oral argument, "analyzed at length the relevance of the facts of Variscite One to the facts of Variscite Four." *Id.* at 5.

### III. **Legal Standards**

"'[T]he disqualification of an attorney upon the motion of an adversary is a serious sanction that ought not to be imposed lightly.'" *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 300-01 (E.D.N.Y. 2009) (quoting *Sea Tow Int'l, Inc. v. Pontin,* No. CV-06-3461, 2007 WL 4180679, at *1 (E.D.N.Y. Nov. 19, 2007)). "Indeed, it is well-established that '[m]otions to disqualify opposing counsel are viewed with disfavor in this Circuit because they are 'often interposed for tactical reasons' and result in unnecessary delay.'" *Id.* (quoting *Bennett Silvershein Assocs. v. Furman*, 776 F.Supp. 800, 802 (S.D.N.Y. 1991)). "'The Second Circuit has 'been loathe to separate a client from his chosen attorney,' *Bohack Corp. v. Gulf & Western Indus., Inc.*, 607 F.2d 258, 263 (2d Cir.1979), noting that '[t]he delay and additional expense created by substitution of counsel is a factor to which [it has] attached considerable significance . . . .'" *Id.* (first quoting *Sea Tow Int'l, Inc. v. Pontin,* No. CV-06-3461, 2007 WL 4180679, at *1 then citing *Lefrak v. Arabian Am. Oil Co.*, 527 F.2d 1136, 1138-40 (2d Cir.1975)). "Although

any doubts are to be resolved in favor of disqualification, *see Cheng v. GAF Corp.*, 631 F.2d 1052, 1059 (2d Cir.1980), *vacated on other grounds and remanded*, 450 U.S. 903, 101 S.Ct. 1338, 67 L.Ed.2d 327 (1981), the party seeking disqualification bears a 'heavy burden' of demonstrating that disqualification is warranted." *Id.* (citing *Evans v. Artek*, 715 F.2d 788, 794 (2d Cir. 1983)).

"When deciding a motion to disqualify an attorney, federal district courts in New York consider various sources of law, including the ABA Model Rules of Professional Conduct, the ABA Model Code of Professional Responsibility, and the New York Code of Professional Responsibility." *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 301 (E.D.N.Y. 2009) (quoting *Blue Planet Software, Inc. v. Games Int'l, LLC*, 331 F.Supp. 2d 273, 275 (S.D.N.Y. 2004)).  "However, 'such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification.'"  *Id.* (quoting *Hempstead Video, Inc. v. Incorporated Vil. of Valley Stream*, 409 F.3d 127,132 (2d Cir. 2005)); *see also Hum. Elecs., Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102, 105-06 (N.D.N.Y. 2004) (same).  "Decisions regarding motions to disqualify are within the sound discretion of the trial court." *Interiano v. Arch Specialty Ins. Co.*, No. CV 23-0238 (PKC) (AYS), 2025 WL 2412031, at *3 (E.D.N.Y. Aug. 20, 2025) (citing *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994)).

Both parties agree that Rule 1.12 of the New York Rules of Professional Conduct applies.  *See* Dkt. Nos. 63 at 5, 65 at 6 (also citing ABA Model Rule 1.12(a)).  New York Rule of Professional Conduct 1.12, covering "specific conflicts of interest for former judges, arbitrators, mediators or other third-party neutrals," provides

> (b) except as stated in paragraph (3), and unless all parties to the proceeding give informed consent, confirmed in writing, a lawyer shall not

represent anyone in connection with a matter in which the lawyer participated personally and substantially as . . . (1) a law clerk to a judge or other adjudicative officer or an arbitrator, mediator or other third-party neutral.

Further, as relevant here, it provides

(d) When a lawyer is disqualified from representation under this Rule, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless the firm acts promptly and reasonably to: (1) notify, as appropriate, lawyers and nonlawyer personnel within the firm that the personally disqualified lawyer is prohibited from participating in the representation of the current client; (2) implement effective screening procedures to prevent the flow of information about the matter between the personally disqualified lawyer and the others in the firm; (3) ensure that the disqualified lawyer is apportioned no part of the fee therefrom; and (4) give written notice to the parties and any appropriate tribunal to enable it to ascertain compliance with the provisions of this Rule, except that if the notice would disclose confidential information protected by Rule 1.6, the notice may be temporarily postponed but shall be sent promptly after such confidential information is known to the parties and tribunal or is otherwise no longer protected by Rule 1.6.

Id.

N.Y. Comp. Codes R. & Regs. Tit. 22 § 1200.0.

"[T]he disqualification of an attorney is a matter which rests within the sound discretion of the court. A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion" (*Campolongo v. Campolongo*, 2 A.D.3d 476, 476, 768 N.Y.S.2d 498 [citations omitted]; *see Matter of Nenninger v. Kelly*, 140 A.D.3d 961, 963, 34 N.Y.S.3d 131; *Matter of Aaron W. v. Shannon W.*, 96 A.D.3d 960, 962, 946 N.Y.S.2d 648). "However, the right to be represented by counsel of one's own choosing 'will not supersede a clear showing that disqualification is warranted'" (*Gjoni v. Swan Club, Inc.*, 134 A.D.3d 896, 897, 21 N.Y.S.3d 341, quoting *Matter of Marvin Q.*, 45 A.D.3d 852, 853, 846 N.Y.S.2d 356; *see Scopin v. Goolsby*, 88 A.D.3d 782, 784, 930 N.Y.S.2d 639).

*Rovner v. Rantzer*, 145 A.D.3d 1016, 1016, 44 N.Y.S.3d 172, 173 (2016).  Although

"decisions on disqualification motions often benefit from guidance offered by the

American Bar Association (ABA) and state disciplinary rules . . . such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." *Hempstead Video*, 409 F.3d at 132; *accord United States Football League v. Nat'l Football League*, 605 F.Supp. 1448, 1463 n.31 (S.D.N.Y. 1985).

## IV. Discussion

### A. Motion to Disqualify

The rationale underlying plaintiffs' argument appears to be, because *Variscite One* and the instant case, *Variscite Four* have (1) the same owner-plaintiff and counsel, (2) some of the same defendants, and (3) are challenging a similar law as a violation of the Commerce Clause, they are essentially the same case; thus, Mr. Loefke's potential work on or access to *Variscite One* gives defendants an unfair advantage in litigating *Variscite Four*. However, plaintiffs' argument is flawed for two reasons. First, these are not the same cases. Second, plaintiffs have not identified any tactical advantage or trial taint that may arise from Mr. Loefke's potential work or access to Variscite One. The appearance of impropriety is not present because Variscite Four is a new case before a different judge.

That all of the cases plaintiffs cite are distinguishable further bolsters this Court's holding. *See* Dkt. No. 63 at 7, 9 (citing cases). In *Monument Bilders of Pennsylvania, Inc.*, the plaintiff's counsel had clerked for the same judge as the one presiding over a "subsequent action alleging breach of settlement agreements reached in first suit." 190 F.R.D. 164 (E.D. Pa 1999). Here, this action is before a different judge, and plaintiffs present no supported argument that there is any kind of advantage that could arise

through Mr. Loefke's potential past work or access to information in the earlier *Variscite* case.  In *People v. Thornton*, 182 N.Y.S.3d 374, 375 (N.Y. App. Div. 2025), the defendant's motion to vacate was pending before a judge whose law clerk, in her former role as the district attorney, indicted, prosecuted, and convicted the defendant in question.  Similarly, *People v. Roshia*, 169 N.Y.S. 3d 400, 401 (N.Y. App. Div. 2022) is a criminal case where the defendant was appealing the denial of his motion to vacate his judgment of conviction.  There, the judge's law clerk "had direct involvement in defendant's case during her tenure as the District Attorney" and the defendant raised concerns in his CPL 440 motion about the law clerk's conduct while she was prosecuting him.  *See id.*   In *People v. Pica-Torres*, 210 N.Y.S. 3d 530, 531 (NY App. Div. 2024), on appeal from a criminal conviction, the Appellate Division observed that the assistant district attorney representing the prosecution was the presiding trial judge's law clerk during the trial.

The distinctions between the *Thornton*, *Roshia*, and *Pica-Torres* cases and this case are so obvious, the Court should not need to elaborate.  However, for purposes of completeness: all of those cases were criminal cases, continuations/appeals of the same case, and were before the same judge and the law clerk in question was either the presiding judge's law clerk or the prosecutor on that case at an earlier stage of the same action.  Similarly, plaintiffs' reliance on *Wallach v. Rothschild*, 241 A.D.3d 600 (N.Y. App. Div. 2025) is distinguishable.  In *Wallach*, the defendant moved for the judge's recusal as her principal law clerk was married to a partner at the law firm representing the plaintiff.  Noting that the judge would be required to decide whether to award attorney's fees to the law firm where the law clerk's spouse worked, the Appellate

Division held that it would have been "'better practice for the trial judge to recuse herself in a special effort to maintain the appearance of impartiality in this case.'"  *Id.* at 601.

Disqualification is only required if there is a significant risk of trial taint.  *See Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir.1981) (citing *Armstrong v. McAlpin*, 625 F.2d 433, 444-46 (2d Cir.1980) (en banc), *vacated on other grounds and remanded*, 449 U.S. 1106 (1981).  Although plaintiffs explain how *Variscite One* and *Variscite Four* are similar, involving similar parties, and raising similar legal challenges, they do not explain how the trial would be tainted if Mr. Loefke remained  defense counsel.   Disqualification may be warranted if Mr. Loefke had inner knowledge of the presiding judge's thought processes or if he could potentially use information he gained while clerking for Judge Sharpe to his advantage in defending *Variscite Four*.  *See, e.g., Cypress Holdings, III, LP v. Sport-BLX, Inc.*, No. 22 CIV. 1243 (LGS), 2022 WL 4239937, at *3 (S.D.N.Y. Aug. 23, 2022) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764-65 (2d Cir. 1990) (alterations omitted) ("[D]isqualification has been ordered only in essentially two kinds of cases," including 'where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation.'").  Recognizing that "[l]aw clerks are simply extensions of the judges at whose pleasure they serve[,]" *Wallach*, 241 A.D.3d at 601 (quoting *People v. Suazo*, 120 A.D.3d 1270, 1272 (N.Y. App. Div. 2014), even if Mr. Loefke worked on *Variscite One* while serving as Judge Sharpe's law clerk, (1) he never clerked for Judge Nardacci, the judge presiding over *this* case; and (2) even though similar, *Variscite Four* is not the same "matter."  The Court is at a loss to see how defendants would potentially benefit or what appearance of impropriety exists from the fact that Mr. Loefke may have

worked on the now-closed *Variscite One*.  Plaintiffs have pointed to no nonpublic information or documents that Mr. Loefke would likely have been privy to while clerking for Judge Sharpe that are relevant to *Variscite Four*.   Plaintiffs have identified no party interest that could be considered exploited should Mr. Loefke be permitted to defend this case.

Following plaintiffs' rationale, Mr. Loefke would  be unable to defend the OAG if, during his time as a law clerk, a party appeared before Judge Sharpe and later commenced a similar case before a different judge in the Northern District.[4]  As plaintiffs have failed to carry their heavy burden of demonstrating disqualification of Mr. Loefke or the OAG is warranted, their motion is denied.

### B.  Interlocutory Appeal

The Court next addresses plaintiffs' request for certification of an interlocutory appeal under 28 U.S.C. § 1292(b).  As a threshold issue, "the Second Circuit has not expressly held that a magistrate judge has authority to certify a question for appeal[.]" *Crown Castle NG E. LLC v. Town of Hempstead*, No. CV 17-3148 (GRB), 2019 WL 5188923, at *2 (E.D.N.Y. Oct. 15, 2019).  Although the undersigned recognizes that "several courts that have considered this question have so determined," *id.* (citing *Verizon New York Inc. v. Vill. of Westhampton Beach*, No. CV 11-252 (AKT), 2014 WL 12843520, at *6, n.6 (E.D.N.Y. Dec. 22, 2014) (citing cases)), the undersigned concludes that the better approach is by way of a recommendation to the District

---

[4]  Indeed, given this District's extensive inmate litigation docket, it would not be unlikely to have a scenario where a pro se plaintiff sues the New York State Department of Corrections and Community Supervision, who the OAG defends in such actions, the case was before Judge Sharpe, and some time thereafter, the inmate brings a new action either against the same defendant or similar defendants alleging similar misconduct years later.   Similarly, this could also occur where it is a different plaintiff but the same underlying incident and defendants.

Judge.[5]  "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b).

> "District court judges have broad discretion to deny certification even where the statutory criteria are met." *Estevez-Yalcin v. The Children's Vill.*, 2006 WL 3420833, at *1 (S.D.N.Y. Nov. 27, 2006) (internal quotation marks and citation omitted). The Second Circuit Court of Appeals has consistently instructed district courts to "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir.1992); *see also Klinghoffer v. S.N.C Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990) (noting that "the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law") (internal quotation marks and citation omitted). Thus "only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Klinghoffer*, 921 F.2d at 25 (quoting Coopers & Lybrand, 437 U.S. 463, 475 (1978)); *see Flaherty v. Filardi*, 2007 WL 1827841, at *1 (S.D.N.Y. June 26, 2007) ("Interlocutory appeals under [this section] are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule.") (internal quotation marks and citation omitted).

*DeVittorio v. Hall*, No. 07 CIV.0812 (WCC), 2008 WL 273981, at *2 (S.D.N.Y. Jan. 29, 2008).

### 1. Controlling Question of Law

Plaintiffs argue that the

> conflict arises in the context of a constitutional right in a question of first impression.  That satisfies the Section 1292(b) standard of "involving a controlling question of law as to which there is substantial ground for

[5] Discretionary jurisdiction is conferred upon courts of appeals, pursuant to 28 U.S.C. § 1292(b), to consider interlocutory orders where the *district judge* is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *United States v. Culbertson*, 598 F.3d 40, 45 (2d Cir. 2010) (emphasis added).

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Dkt. No. 63 at 12.

"A question of law is 'controlling' if 'reversal of the district court's order would terminate the action." *Genentech, Inc. v. Novo Nordisk A/S*, 907 F. Supp. 97, 99 (S.D.N.Y. 1995) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)).  Moreover, "[a] controlling legal issue is a question of law, not one of factual dispute where the court applies well-settled legal principles." *DeVittorio*, 2008 WL 273981, at *2.  This factor is not met as the disqualification issue, if reversed on appeal, would not terminate the underlying action.  *See id.*; *see also id.* (quoting *Esteves-Yalvin v. The Children's Vil.*, 01-CV-8784 (KMK), 2006 WL 3420833 (S.D.N.Y. Nov. 27, 2006) ("'But a litigant, who is dissatisfied with a court ruling, may not utilize § 1292(b) as a means for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts.'").

"Although not required, courts in this district have also found that a question of law may be 'controlling' if it substantially affects a large number of cases." *Multi Juice, S.A. v. Snapple Beverage Corp.*, No. 02 CIV. 4635 (RPP), 2003 WL 22000593, at *3 (S.D.N.Y. Aug. 20, 2003) (quoting *Genentech, Inc.*, 907 F.Supp. at 99).  Even if plaintiffs had argued that the law in question is controlling for this reason, the undersigned does not see this case as impacting many cases.  *See id.* *Verascite One* is closed, and "because this decision was fact specific and did not involve conflicting legal standards or new issues of law, we find it would have little precedential value for future attorney conflict cases." *DeVittorio*, 2008 WL 273981,

at \*4; *see also Multi Juice, S.A.*, 2003 WL 22000593, at \*3 ("Plaintiffs cite no conflicting caselaw in this Circuit regarding differing standards for attorney qualification, and this Court could find none. To this end, there is not a 'substantial ground for difference of opinion' regarding law that governs attorney disqualification.").

### 2. **Substantial Ground for Difference of Opinion**

The undersigned is further unconvinced that there is a substantial ground for difference of opinion about a controlling question of law.  The undersigned understands this portion of the statute to ask whether there is a difference of opinion about the law, not about the Court's holding.  *See Genentech, Inc.*, 907 F. Supp. at 99-100 (internal citation omitted) ("Novo has not established that there is 'substantial ground for difference of opinion' concerning the law of disqualification as it relates to this case. First, Novo has not cited conflicting legal authority to persuade the court that there exists substantial doubt about the law.  Second, Novo's assertion that the issue presented has specific importance to the litigation of patent cases is unconvincing. This issue simply requires the application of well-settled conflict-of-interest rules, arising in all types of litigation."); *see also DeVittorio*, 2008 WL 273981, at \*5 (citing *Compania Sudamericana de Vapores S.A. v. Sinochem Tianjin Co.*, 2007 WL 1002265, at \*5 (S.D.N.Y. Apr. 4, 2007) ("Substantial doubt about the law requires more than defendants' argument that another court would have reached a different conclusion when applying the law to the facts of the case. We therefore conclude that there is no substantial difference of opinion about the applicable law.")); *Verizon New York Inc. v. Vill. of Westhampton Beach*, No. CV 11-252 (AKT), 2014 WL 12843520, at \*14

(E.D.N.Y.  Dec. 22, 2014) ("Unlike some of the cases cited by Westhampton Beach, the 'controlling question' presented here does not concern a threshold jurisdictional issue, *see Klinghoffer v. S.N.C. Anchille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990), or a procedural determination that could dispose of this case, *see In re Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir. 1978)."); *Forbes v. NAMS Int'l, Inc.*, No. 07-CV-0039 (TJM), 2007 WL 2764795, at *4 (N.D.N.Y. Sept. 20, 2007) (in denying motion for interlocutory appeal, the Court stated it "is not of the opinion that the disqualification motion involves a controlling question of law as "to which there is substantial ground for difference of opinion.").

3. **Material Advancement of the Ultimate Termination of the Litigation**

Plaintiff proffers no argument that termination of the litigation would be materially advanced by certification.   *See Genetech, Inc.*, 907 F. Supp. At 100 (finding the defendant's argument "that retaining new counsel is a time-consuming endeavor" and that certification would not delay litigation did not suffice to demonstrate "materially advance" prong as certification would not expedite litigation and its argument that defendant's right to counsel would be reserved "misconstrues the third requirement of section 1292(b)."); *see also Multi Juice, S.A.*, 2003 WL 22000593, at *3 (holding, where Court was denying interlocutory appeal on *grant* of motion to disqualify counsel, considerations of avoiding expense of obtaining new counsel should the matter be overturned on interlocutory appeal or the time it might take to find substitute counsel were "entirely unrelated to whether or not such an appeal" would materially advance the ultimate termination of the litigation under section 1292(b)).[6]

---

[6] *Prevezon Holdings Ltd.*, which plaintiffs cite, does not require a different result. There, defendants sought mandamus relief regarding their disqualification dispute, where a different standard of review was applied.  *See* Dkt. No. 63 at 12 (citing *United States v. Prevezon Holdings, Ltd.*, 839 F.2d 227, 229 (2d Cir. 2016) (granting mandamus relief).

"Having considered the parties' arguments in light of these standards – as well as the Second Circuit's mandate that Section 1292(b) relief be granted in only the rarest of cases – the Court finds that certification of an interlocutory appeal would be inappropriate at this time." *Verizon New York Inc.*, 2014 WL 12843520, at *14.

## V. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, plaintiffs' letter motion, dkt. no. 63, is decided as follows:

### Part I:

It is hereby **ORDERED**, that plaintiffs' motion to disqualify defense counsel is **DENIED**; and it is further

**ORDERED**, that, after entry of this Order & Report-Recommendation, the Clerk update the caption to replace Tremaine Wright with Jessica C. Garcia and to replace Chris Alexander with Susan Filburn.[7]

### Part II:

It is hereby **RECOMMENDED**, that plaintiffs' request for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d

---

[7] *See* Dkt. No. 65 at 1 n.1-2 (citing FED. R. CIV. P. 25(d)).

Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72[8]; and it is

      **ORDERED**, that the Clerk serve this Order & Report-Recommendation on the parties in accordance with Local Rules.

      Dated: May 7, 2026
           Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[8] The objection language is intended to apply only to Part II as it is only this portion that is a recommendation.