**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VARISCITE NY FOUR, LLC and
VARISCITE NY FIVE, LLC,

                        Plaintiffs,

        v.

NEW YORK STATE CANNABIS CONTROL
BOARD, *et al.*,

                        Defendants.

1:23-cv-01599 (AMN/PJE)

---

**APPEARANCES:**

**JEFFREY M. JENSEN, PC**
9903 Santa Monica Boulevard – Suite 890
Beverly Hills, California 90212

**HACKER MURPHY LLP**
28 Second Street
Troy, New York 12180
*Attorneys for Plaintiffs*

**HON. LETITIA JAMES**
New York State Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**OF COUNSEL:**

**JEFFREY M. JENSEN, ESQ.**

**THOMAS J. HIGGS, ESQ.**

**BENJAMIN L. LOEFKE, ESQ.**
**RYAN W. HICKEY, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

## I.      INTRODUCTION

On December 18, 2023, Plaintiffs Variscite NY Four, LLC and Variscite NY Five, LLC

("Plaintiffs") commenced this action against Defendants New York State Cannabis Control Board,

New York State Office of Cannabis Management, Tremaine Wright, and Chris Alexander

(collectively "Defendants")[1] pursuant to 42 U.S.C. § 1983, alleging that New York's Adult Use

Application Program (the "Adult Use Application Program"), which accepted applications for

adult use retail dispensary cannabis licenses ("Adult Use Licenses") from October 4, 2023 through

December 18, 2023, violates the dormant Commerce Clause.  Dkt. No. 1.[2]  On January 7, 2026,

Plaintiffs filed a motion to disqualify defense counsel.  Dkt. No. 63 ("Motion").  In the event that

the Court declined to disqualify defense counsel, Plaintiffs asked the Court to certify the question

for interlocutory appeal to the Second Circuit pursuant to 28 U.S.C. § 1292(b).  *Id.* at 11-

12.[3]  Defendants opposed the Motion on January 21, 2026, *see* Dkt. No. 65, and Plaintiffs replied

in further support of the Motion on January 23, 2026.  Dkt. No. 66.  This matter was referred to

United States Magistrate Judge Paul J. Evangelista, who, on May 7, 2026, issued an Order, denying

Plaintiffs' motion to disqualify defense counsel, and a Report-Recommendation, recommending

that Plaintiffs' request for certification of the question for interlocutory appeal be denied.  Dkt. No.

75 at 14.  Magistrate Judge Evangelista advised that under 28 U.S.C. § 636(b)(1), the parties had

fourteen days within which to file written objections and that failure to object to the Report-

Recommendation within fourteen days would preclude appellate review.  *Id*. at 14-15.  No party

has filed objections, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its

entirety.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Jessica C. Garcia and Susan Filburn have been substituted as Defendants in place of Tremaine Wright and Chris Alexander, who were sued solely in their official capacities.  *See* Dkt. No. 75.

[2] The Court presumes the parties' familiarity with the underlying facts and procedural history of this action.

[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

## III.   DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

"Discretionary jurisdiction is conferred upon courts of appeals, pursuant to 28 U.S.C. § 1292(b), to consider interlocutory orders where the district judge is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *United States v. Culbertson*, 598 F.3d 40, 45 (2d Cir. 2010) (internal quotation marks omitted). However, as Magistrate Judge Evangelista noted, "[d]istrict court judges have broad discretion to deny certification even where the statutory criteria are met" and "only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Dkt. No. 75 at 10 (quoting *DeVittorio*

3

*v. Hall*, No. 07-cv-812, 2008 WL 273981, at *2 (S.D.N.Y. Jan. 29, 2008) (internal quotation marks, citations, and alterations omitted)).

As an initial matter, Magistrate Judge Evangelista found that the Second Circuit has not expressly determined whether a magistrate judge has the authority to certify an order for interlocutory appeal. *Id.* at 9 (citing *Crown Castle NG E. LLC v. Town of Hempstead*, No. 17-cv-3148, 2019 WL 5188923, at *2 (E.D.N.Y. Oct. 15, 2019)). As such, Magistrate Judge Evangelista concluded that the best approach for purposes of the instant case is to assume that only the undersigned has the authority to certify questions for interlocutory appeal. *Id.* at 9-10 (citing, *inter alia*, *Culbertson*, 598 F.3d at 45).

As to whether the question of law is "controlling," Magistrate Judge Evangelista concluded that the issue of attorney disqualification is not controlling because the issue, if reversed on appeal, would not terminate the underlying action. *Id.* at 11 (citing, *inter alia*, *Genentech, Inc. v. Novo Nordisk A/S*, 907 F. Supp. 97, 99 (S.D.N.Y. 1995) (noting that "[a] question of law is 'controlling' if 'reversal of the district court's order would terminate the action'" (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)))). Additionally, Magistrate Judge Evangelista found that the issue of disqualification is also not controlling because it does not impact many cases. *Id.* (citing, *inter alia*, *Multi Juice, S.A. v. Snapple Beverage Corp.*, No. 02-cv-4635, 2003 WL 22000593, at *3 (S.D.N.Y. Aug. 20, 2003) (noting that some courts "have also found that a question of law may be 'controlling if it substantially affects a large number of cases'" (quoting *Genentech*, 907 F. Supp. at 99))). Specifically, Magistrate Judge Evangelista noted that the *Variscite One* case is closed, and the issue of attorney disqualification is fact-specific and does not involve conflicting legal standards or new issues of law. *Id.* at 11-12 (citing, *inter alia*, *Multi Juice*, 2003 WL 22000593, at *3 (denying motion for leave to file interlocutory appeal, in part,

because the court could not find any conflicting case law regarding differing standards for attorney disqualification)).

Regarding whether there is a substantial ground for difference of opinion, Magistrate Judge Evangelista found that Plaintiffs have not established a difference of opinion concerning the law of disqualification. *Id.* at 12-13 (citing, *inter alia*, *Forbes v. NAMS Int'l, Inc.*, No. 07-cv-39, 2007 WL 2764795, at *4 (N.D.N.Y. Sept. 20, 2007) (denying motion for interlocutory appeal, in part, because the court was "not of the opinion that the disqualification motion involves a controlling question of law as to which there is substantial ground for difference of opinion" (internal quotation marks omitted)); *DeVittorio*, 2008 WL 273981, at *5 (noting that "[s]ubstantial doubt about the law requires more than defendants' argument that another court would have reached a different conclusion when applying the law to the facts of the case")).

Lastly, Magistrate Judge Evangelista noted that Plaintiff does not argue that certification would materially advance the termination of this litigation. *Id.* at 13 (citing, *inter alia*, *Multi Juice*, 2003 WL 22000593, at *3 (finding that arguments regarding the avoidance of costs associated with retaining new counsel—in the event that a court's opinion were to be overturned on interlocutory appeal—are "entirely unrelated" to the issue of whether an appeal will materially advance the ultimate termination of litigation)).

After considering the parties' arguments in light of the Second Circuit's mandate that Section 1292(b) certification be granted in only the rarest of cases, Magistrate Judge Evangelista concluded that certification of an interlocutory appeal would be inappropriate in this case. *Id.* at 14 (citing *Verizon New York v. Vill. of Westhampton Beach*, No. 11-cv-252, 2014 WL 12843520, at *14) (E.D.N.Y. Dec. 22, 2014)).

Having reviewed the Report-Recommendation and considered Magistrate Judge Evangelista's findings, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 75, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 11, 2026
        Albany, New York

Anne M. Nardacci
U.S. District Judge

6