**JEFFREY M. JENSEN, PC**
9903 Santa Monica Blvd., Suite 890, Beverly Hills, CA 90212
(310) 909-7043 | jeff@jeffreyjensen.com | www.jeffreyjensen.com

June 25, 2026

Hon. Paul J. Evangelista
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

   **RE: *Variscite NY Four, LLC, et al. v. New York Cannabis Control Board, et al.*
   *1:23-cv-1599***

Dear Judge Evangelista:

   Plaintiffs hereby respond to Defendants' Status Report filed on June 22, 2026 regarding their searches for documents responsive to Plaintiffs' Requests for Production numbers 1-5. Defendants' document search as described in their Status Report contains multiple deficiencies.

   ***First***, and most glaringly, Defendants imposed their own date restriction on their searches. Defendants imposed an end date of December 18, 2023, two days before ss served the Complaint on Defendants. Plaintiffs are entitled to all nonprivileged responsive documents, and Defendants do not get to set their own end date, especially where that end date is designed to exclude virtually all responsive documents.

   Defendants state their searches returned 8,336 documents. Plaintiffs do not believe Defendants provided that number in good faith. Defendants state that virtually all documents relate to "Variscite" and "Four" or "Variscite" and "Five." It makes no sense that Defendants would have more than 8,000 documents referencing Variscite Four or Variscite Five two days before Defendants knew those entities exist. More likely, those documents reference Variscite One, the plaintiff in the prior *Variscite One* lawsuit, and also contain the words "four" or "five." Notably, Defendants do not state that they searched for "Variscite Four" or "Variscite Five." Instead, they state that they searched for documents containing "Variscite" and "Four" or "five."

   Defendants also state their searches returned a small number of documents related to Plaintiffs' social equity applicant owners Justin Palmore and Donte Kinsey. Plaintiffs assume those documents are pages from the license applications Plaintiffs submitted. Plaintiffs do not believe Defendants created documents discussing those people two days before Defendants knew those two people exist.

   Defendants also imposed a start date on their searches of August 1, 2023. Plaintiffs do not object to this start date as to Requests 1, 2, 4, and 5, as Plaintiffs do not believe Defendants created responsive documents before that date relating to Plaintiffs or Plaintiffs' social equity owners.

   Plaintiffs do, however, object to the start date as to Request 3, for Jeffrey Jensen a/k/a Jeff Jensen. Defendants could have, for example, written that they knew their program is unconstitutional and discussed whether Jeffrey Jensen or an affiliated company would sue. As a

Hon. Paul J. Evangelista
June 25, 2026
Page **2** of **2**

compromise, Plaintiffs offer a start date of June 2, 2023, the day after *Variscite One* settled. Discussions of Jeffrey Jensen after that date more likely relate to the licensing program currently in dispute.

      ***Second***, Defendants state that they searched the "terms exactly as provided in the discovery request." Defendants' discovery obligations require them to produce all responsive documents, not to just search the terms "exactly as provided in the discovery request." Defendants must search for predictable misspellings, like "Variscite 4" and "Variscite 5." Defendants must also ask the custodians if they used any shorthand for the companies, like V4 or V5. Defendants must search for "Jenson," a common misspelling of Jensen (see, e.g., Docket number 83).

      ***Third***, as to Defendants' request to exclude Defendants' General Counsel from the list of custodians, Plaintiffs do not object to that request. In consenting to that exclusion, however, Plaintiffs assume that any nonprivileged communications where the General Counsel is copied will appear in other custodian's emails and be produced.

      ***Fourth***, Defendants state that creating a privilege log is difficult because Defendants were engaged in litigation with Variscite One during the relevant time period. That is incorrect, as *Variscite One* settled and was dismissed on June 1, 2023. Thus, *Variscite One* settled two months before Defendants' imposed start date of August 1, 2023, to which Plaintiffs consent for Requests 1, 2, 4, and 5.

      Although not raised in Defendants' Status Update, Plaintiffs do not expect Defendants to include on a privilege log communications with the Attorney General's office. Plaintiffs assume all such communications would fall within the attorney-client privilege.

      ***Fifth***, as to Defendants' request for an additional 60 days to produce the remaining documents and create a privilege log, Plaintiffs believe 30 days is sufficient. Plaintiffs served the requests eight months ago. Defendants have known that entire time that they would have to produce the documents, as the Second Circuit concluded before then that Plaintiffs stated their claims. Moreover, the State of New York has the resources to produce the documents within 30 days, particularly given the importance they place on this case and their claim that $3.2 billion of commercial sales and $400 million of tax revenue is at stake. (Dkt. #74 at 7.)

                    Very truly yours,

                    Jeffrey M. Jensen, Esq.[*]

cc: counsel of record via ECF

---

[*] California Bar 262710        New York Bar 5375704        D.C. Bar 1018292